UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALETHA SMITH                                             CIVIL ACTION

VERSUS                                                   NO. 12-2292

TOTALSAFETY, INC.                                        SECTION "C" (3)

ORDER AND REASONS

This matter comes before the Court on motion to dismiss for failure to state a claim filed by the defendant, Total Safety, Inc. ("Total Safety"). Having considered the record, the memoranda of counsel and the law, the Court rules as follows.

The plaintiff, Aletha Smith, has filed this complaint against her former employer alleging violations of 42 U.S.C. § 2000e based on the alleged sexual harassment by her former supervisor and retaliatory discharge "for objecting to [the supervisor's] advances." Rec.Doc. 1. In this motion, the defendant seeks dismissal with challenges the sufficiency of the plaintiff's allegations. The defendant argues that the plaintiff has failed to state a *quid pro quo* claim of sexual harassment because the she "has not even alleged that her purported rejection of [supervisor's] sexual advances resulted in a tangible job detriment, specifically her suspension or discharge." Rec. Doc. 7-1 at 6. The defendant also argues that the plaintiff has not stated a claim for a hostile work

environment because of the alleged sexual harassment because none of the allegations "(either individually or collectively) rise to the level of severe or pervasive," because the plaintiff does not allege that harassment was based on her sex, and because a single "touching" can not form the basis of a sexual harassment claim. *Id.* at 8-9. Finally, the defendant argues that the plaintiff fails to allege retaliation because the plaintiff "does not provide any factual support for her conclusory statement that she 'rejected' his 'interest[] in an intimate relationship' and does not allege that she reported his 'interest[]' or her rejection to anyone, such as another supervisor or the Human Resources department," and because the plaintiff has not alleged a causal relationship between protected activity and adverse employment action. *Id.* at 11-12.

The plaintiff opposes the motion to dismiss with the argument that this is not a case of "a straight-line case of a harasser's failure to seal a sexual bargain followed by his immediate termination of the offeree," but instead, one of 'intervening rejections and job assignments" that "make the case look also like one of retaliation so that the quid pro quo and retaliation cases overlap." Rec.Doc. 13 at 2. The plaintiff also argues that a hostile work environment and sexual harassment claim has been alleged, causation has been alleged and that the supervisor's allegedly offensive conduct has been adequately alleged to have been based on the plaintiff's gender. *Id.* at 3. Finally, the plaintiff

contends that defendant does not cite any authority for the necessity of a report with regard to the retaliation claim, but concedes that perhaps the involvement of the supervisor in the termination has been insufficiently plead.

Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED.R.CIV.P.12(b)(6). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2009), the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned accusations of harm. *Id*. at 555 (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Id.* at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n.9 (5th Cir. 2007).

When considering a Rule 12(b)(6) motion, a court must accept all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009). However, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), *citing Twombly*, 550 U.S. 544. Although for the purposes of a

motion to dismiss a court must take all of the factual allegations in the complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

The Court finds that the plaintiff's claims are adequately plead for purposes of this motion to dismiss, and that additional factual details can be pursued in discovery. At the same time, it is not incumbent on the Court to counsel the plaintiff as to what is required to plead a claim in order to avoid dismissal. The plaintiff will be allowed fourteen days from the date of this order within which to amend the complaint to correct any perceived shortcomings based on counsel for the plaintiff's review of the defendant's motion and/or to address remaining concerns held by counsel for the plaintiff as to the sufficiency of the claims.

Accordingly,

IT IS ORDERED that the motion to dismiss for failure to state a claim filed by the defendant, Total Safety, Inc. is DENIED. Rec. Doc. 7

IT IS FURTHER ORDERED that the plaintiff shall amend the complaint within fourteen days from the date of this order, if counsel for the plaintiff deems it appropriate.

New Orleans, Louisiana, this 27th day of February, 2013.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT COURT